IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SHELLIE KAY SMITH, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:17-cv-00205-O-BP |
| CITY OF ARLINGTON, et al., | § § § | |
| Defendants. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The above-styled and numbered cause of action was filed by *pro se* Plaintiff Shellie Kay Smith on March 3, 2017. The Court ordered Plaintiff to complete and return summons forms for the named Defendants to the Clerk of Court for issuance on or before July 6, 2017. ECF No. 7. Plaintiff failed to comply with the Court's Order and did not return completed summons forms or otherwise respond to the Court's Order. Accordingly, the Court again ordered Plaintiff to complete and return summons forms for the named Defendants to the Clerk of Court for issuance or file an instrument in affidavit form establish good cause why such forms cannot be completed no later than August 1, 2017. ECF No. 8. The Court admonished Plaintiff that failure to comply with the Court's Order may result in the Court recommending dismissal of this action without further notice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. *Id.* Again, Plaintiff wholly failed to comply with the Court's Order and did not return the completed summons forms mailed to her by the Clerk of Court or file an instrument in affidavit form establishing good cause for her failure to do so. Plaintiff has not otherwise responded to the Court's orders.

Pursuant to Rule 4(m),

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Despite the Court's orders and admonitions, Plaintiff has neither completed the summons forms and returned them to the Clerk of Court for issuance nor filed an instrument in affidavit form establishing good cause for her failure to do so. The only document Plaintiff has filed in this case is her Verified Petition (ECF No. 1), filed March 3, 2017.

For the foregoing reasons, the undersigned RECOMMENDS that United States District Judge Reed O'Connor DISMISS without prejudice Plaintiff's Original Verified Petition for Declaratory Judgment and Emergency Application for Temporary Restraining Order and Preliminary and Permanent Injunction (ECF No. 1) pursuant to Fed. R. Civ. P. 4(m).

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d

1415, 1417 (5th Cir. 1996) (en banc).

Signed August 3, 2017.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE